HEIDERSDORF and wife, Appellants, v. THE STATE, Respondent.

*September 11—October 7, 1958.*

For the appellants there were briefs by *Gramling & Gramling* of Milwaukee, and oral argument by *Gregory Gramling, Jr.*

For the respondent there was a brief by the *Attorney General* and *A. J. Feifarek,* assistant attorney general, and oral argument by *Mr. Feifarek* and by *Mr. William H. Wilker* of Madison.

CURRIE, J. Sub. (2) of sec. 84.09, Stats., which is the statute under which the commission instituted the within condemnation proceeding, contains the following sentence:

". . . Any recipient [landowner] may, within two years after the date of recording of the award with the register of deeds, apply to the county judge on ten days' written notice to the state highway commission to appraise the damages and thereafter proceedings shall be as provided in section 83.07. . . ."

Sec. 83.07, Stats., authorizes county highway committees and town boards to condemn lands for highway purposes, and the wording of such statute frequently refers to the public authorities therein given such right of eminent domain as the *"committee or board."* Sub. (5) of such statute provides for the county judge appraising the damages resulting from the taking, and confers a right of appeal to the circuit court therefrom by either the landowner or the condemning public authority. The pertinent clause of such subsection reads as follows:

"The landowner or the committee or board may, within ninety days after the award is made, file with the judge a notice of appeal to the circuit court, whereupon the judge shall certify all the papers in the proceedings to such court, and thereupon the matter shall be regarded as at issue, and the proceedings shall be as provided in section 32.11."

The very narrow issue on this appeal is whether the above-quoted provisions of sub. (2) of sec. 84.09, Stats., and sub. (5) of sec. 83.07 conferred a right of appeal to the circuit court upon the commission in the instant proceeding.

The appellant landowners contend that such statutes do not because sub. (5) of sec. 83.07, Stats., only names "the committee or board" as having such right of appeal and does not specifically mention the commission. In support of such contention the appellants cite *Madison v. Tiedeman* (1957), 1 Wis. (2d) 136, 143, 83 N. W. (2d) 694, and *Barrows v.*

*Kenosha* (1957), 275 Wis. 124, 125, 81 N. W. (2d) 519, which hold that condemnation statutes are to be strictly construed.

The first goal of a court in resolving an issue of statutory interpretation is to ascertain the legislative intent. As pointed out in the memorandum opinion of the learned trial court, a requirement of strict construction does not mean that the court is not to search for and ascertain such legislative intent.

It seems clear to us that, when the legislature stated in sec. 84.09 (2), Stats., the procedure was to be the same as in sec. 83.07, it intended that the words "committee or board" were to include the commission. Unless this were the case, it would be impossible to carry out the procedure prescribed in sec. 83.07 in any condemnation wherein the commission is the condemning authority. For example, unless the words of sec. 83.07 are interpreted to include the commission as a condemning authority, the state would not be authorized to pay the award made by the county judge. This is because sec. 83.07 (4) provides:

.". . . The county highway committee or town board may then pay the sum awarded by delivering to the owner a county or town order or bank check, or tendering the same. . . ."

Furthermore, ch. 83, Stats., has to do with county highways, while ch. 84 relates to state trunk highways. Therefore, there was no occasion for sec. 83.07, Stats., to have made any reference to the state highway commission which has been given no direct part by the legislature in acquiring land for county highways.

*By the Court.*—Order affirmed.

MARTIN, C. J., took no part.