MEYER and others, Appellants, v. BRIGGS and wife, Respondents.

*January 7—February 5, 1963.*

For the appellants there was a brief and oral argument by *Jack McManus* of Madison.

For the respondents there was a brief by *Richard B. Eager* of Evansville, and *Oestreich, Nowlan & Mouat* of Janesville of counsel, and oral argument by *Mr. Eager*.

BROWN, C. J.  The complaint alleges that Mr. and Mrs. Briggs, the defendants, are proprietors of a public roller-skating rink. Plaintiffs Zulla, Lulla, and James Meyer are children of Isabelle Meyer. Zulla, Lulla, and James are minors. Plaintiffs Edward Balstad and Isabelle Meyer are adults.

Early in April, 1961, the defendants notified James Meyer that he would not be allowed to use the facilities of the rink in the future. A week afterward the defendants refused to sell James a ticket to the rink and refused him admittance to it. A week after that James was again refused a ticket and admission.

At this latter time the defendants ordered plaintiff Balstad out of the rink and directed and caused police officers to remove him from the rink.

As a result of defendants' refusal to allow James to use the rink, Isabelle Meyer had to drive her three children to their home, and since that time defendants have refused admission to the rink by Zulla, Lulla, James, and Edward.

Plaintiffs' amended complaint alleges:

"10. That the defendants, through their actions and physical mannerisms and gesticulations on the dates aforementioned caused the plaintiffs to be in apprehension of immediate harmful or offensive contact.

"11. That said actions on the part of the defendants constituted assault upon said plaintiffs.

"12. That as a proximate result of said assault on said plaintiffs, each and every plaintiff has suffered pain, humiliation, embarrassment, and mental suffering, and that each plaintiff has separately suffered said damage to each of them, in a separate amount of $2,500."

Punitive damages were also demanded.

The learned trial court determined that the facts pleaded in the amended complaint did not state a cause of action.

It is evident from the pleading that defendants committed no battery. An assault (without battery) is correctly defined in Wis J I—Civil, Part I, 2005, as follows:

"An assault is an unlawful attempt, coupled with apparent and real present ability, to do bodily harm to another. One who, with an intent to do injury to another, puts such other in fear of an immediate and harmful bodily contact is guilty of an assault."

The instruction, the definition of "assault," is adapted mainly from *Degenhardt v. Heller* (1896), 93 Wis. 662, 68 N. W. 411, and *Brabazon v. Joannes Brothers Co.* (1939), 231 Wis. 426, 286 N. W. 21.

The elements necessary to constitute an assault are clearly set forth therein. Plaintiffs' allegations fail to include all such elements and without all of them no cause of action for assault is pleaded.

Paragraph 11 of the amended complaint is a mere conclusion which does not supply any deficiencies in the facts pleaded. Plaintiffs' counsel concedes this, but contends that whether or not the alleged acts of the defendants were an assault is a question of fact for the jury and cannot be determined upon demurrer. That is true but only if the complaint alleges facts for the jury to pass upon and which facts, if established, constitute an assault.

In the amended complaint before us there are no allegations that defendants intended to do bodily harm to plaintiffs nor can any reasonable inference be drawn from the allegations in paragraph 10 that the actions of defendants manifested such an intent even when these allegations are liberally construed and read in a light most favorable to plaintiffs. The other defects in the complaint were accurately stated by the learned trial court:

"In the instant complaint there is no allegation from which we can infer even under rules of liberal construction that the physical mannerisms and gesticulations of the defendants were unlawful, threatening, or in any way unreasonable; nor can we infer that such acts were performed within sufficient proximity to the plaintiffs to justify apprehensions of harm. The allegation that defendants caused one of the plaintiffs to be removed by the police states no ultimate facts or mixed facts and conclusions from which an assault can be inferred."

The facts material to the cause of action are missing from the amended complaint, and they cannot be supplied by the court. *Hoard v. Gilbert* (1931), 205 Wis. 557, 559, 238 N. W. 371. Hence, the presumption is that they do not exist. *Sun Prairie v. Wisconsin Power & Light Co.* (1933), 213 Wis. 277, 279, 251 N. W. 605.

The demurrer to the amended complaint was correctly sustained.

That part of the order which dismissed the complaint without leave to plead over is affirmed. We observe that there was an original complaint to which defendants demurred, which demurrer was sustained. Plaintiffs then amended, endeavoring to state a cause of action, and it is this second complaint which is now before us. Evidently, after two such attempts, plaintiffs are unwilling or unable to allege that defendants made an unlawful attempt, coupled with apparent and real present ability to do bodily harm to the plaintiffs and intending so to do. Under such circumstances we approve the trial court's disposition of the action.

Sec. 251.26, Stats., Supreme Court Rule 6 (5), requires the plaintiff to print an appendix or in lieu of it a statement of the case (sec. 251.2531, Supreme Court Rule 3a):

"The appendix shall contain: (a) . . .

"(b) Such part and only such part of the pleadings, . . . or order sought to be reviewed as may be material in the consideration on appeal of the questions stated."

No part of the complaint is printed in plaintiffs' appendix. It may be that counsel thinks the equivalent is supplied by telling us in his brief that paragraph 10 of the complaint (above set forth in the opinion) states the gist of the action. We do not regard such a statement in the brief to be a compliance with the rule above quoted. By supplemental appendix defendants have given us those parts of the complaint which appear to us to be material in our proper consideration of the appeal, and from which we learned the facts as set forth in the opinion.

*By the Court.*—Order affirmed.