ST. FRANCIS SAVINGS & LOAN ASSOCIATION, Respondent,
v. HEARTHSIDE HOMES, INC., and others, Defendants:
BURROUGHS, Appellant.

No. 75-124. Submitted on briefs January 6, 1977.—
Decided February 1, 1977.
(Also reported in 249 N. W. 2d 924.)

For the appellant the cause was submitted on the brief of *Jonathon V. Goodman* and *Ludwig & Shlimovitz, S. C.* of Milwaukee.

For the respondent the cause was submitted on the brief of *Thomas J. Schoendorf, John A. Lynch* and *Schoendorf & Schoendorf*, all of Milwaukee.

HANLEY, J. Two issues are presented on appeal:

1. Did the trial court abuse its discretion in granting the plaintiff-respondent's motion to enlarge the time to reply or demur to the counterclaim?

2. Does the amended counterclaim state facts sufficient to constitute a cause of action?

*Motion to Enlarge Time*

The order enlarging the time within which the association could reply or demur to the counterclaim was entered pursuant to the power conferred by sec. 269.45 (2), Stats. (1973), which, although effective at the time the order was entered, has since been repealed and renumbered, effective January 1, 1976, under the revision of the rules of civil procedure by the Supreme Court Order of February 17, 1975. The power conferred upon the trial court by sec. 269.45(2) is highly discretionary, and that court's determination may not be disturbed unless an abuse of discretion is clearly shown. *Laska v. Steinpreis,* 69 Wis.2d 307, 324, 231 N.W.2d 196, 205 (1975) ; *Giese v. Giese,* 43 Wis.2d 456, 460, 168 N.W.2d 832, 834 (1969). We find no such abuse here.

A period of forty-four days expired before the association sought to demur to the counterclaim, and filed its motion to enlarge time. Counsel filed an affidavit stating he had only four months earlier undergone grave surgery from which he was advised it would take a year to recover and stating this was the reason for his delay in responding. The trustee for Hearthside argued that under procedural rules, a reply or demurrer must be filed within twenty days after service of a copy of the counterclaim or all objection to the counterclaim is waived.

The trial court in granting the motion for enlargement of time, took note of the illness of the association's counsel and the fact that after remand by this court, the trustee did not file the amended counterclaim until fifty-seven days had passed. Also, the trial judge noted in his opinion that no substantial rights of the parties would be affected by granting the motion. We think this is a proper exercise of discretion.

*Cause of Action*

From the pleadings in this case, it can be ascertained, to some degree, what facts give rise to Hearthside's counterclaim. Apparently, the Christensens, allegedly agents of Hearthside, desired to purchase a lot, owned by Charles S. Vogel, upon which to build a home. Because the Christensens had a poor credit rating, arrangements were made for Hearthside to purchase the lot and obtain a construction loan, and presumably, the Christensens would eventually obtain the lot from Hearthside. Thus, Vogel transferred, without consideration, by warranty deed, his title to the lot to the Christensens, and on the same day they transferred the lot to Hearthside. Also that day, Hearthside received the loan from the plaintiff savings and loan association and in return gave to the association a promissory note and mortgage on the lot. In distributing the loan, totalling $31,000, the association gave $1,618 to Vogel, $5,000 to the Christensens, and the balance to Hearthside.

Hearthside, it is alleged in the complaint, defaulted on the mortgage agreement by failing to build a home on the lot and make payments. By the original counterclaim and the amended counterclaim, the trustee in bankruptcy for Hearthside seeks to recover the $5,000 paid to the Christensens, claiming this money, to which it was entitled, was used by the Christensens for their own personal use and benefit.

Upon the first appeal in this case, at 65 Wis.2d 74, 222 N.W.2d 840 (1974), this court held that the counterclaim failed to state a cause of action against the association in either negligence, breach of contract, or tortious interference with a principal-agent relationship. The court took the opportunity to adopt sec. 312 of the Restatement (Second) of *Agency* (1957), which provides:

"A person who, without being privileged to do so, intentionally causes or assists an agent to violate a duty to his principal is subject to liability to the principal."

The adoption of this section, however, did not cure the defectiveness of the counterclaim, for the court stated:

"The counterclaim as it now stands, however, is too bare in our view to state with particularity a cause of action even under the theory of sec. 312. Details about how the money was used by the Christensens in breach of their principal-agent duties, and how the association intentionally assisted such breach, must be alleged if possible on repleading in order that a counterclaim will stand as against the plaintiff association's demurrer." 65 Wis.2d at 82, 221 N.W.2d at 745.

The trustee's amended complaint is also bare of the allegation of material facts necessary to sufficiently plead a cause of action by which the third party, the association, may be liable for the agent's alleged breach of duty.

The amended counterclaim, as did the original counterclaim, adequately pleads a cause of action between Hearthside and the Christensens for breach of duty of agent to principal. This is evidenced by the allegations, and the inferences therefrom, that the Christensens used money loaned to their principal Hearthside for their own personal benefit. *St. Francis Savings & Loan Ass'n v. Hearthside Homes, Inc., supra* at 79, 221 N.W.2d at 843. Thus, the breach of duty alleged is misapplication of funds.

The trustee, however, has failed to adequately plead the second element of this cause of action under sec. 312, Restatement (Second) of *Agency* (1957) that the association intentionally caused or assisted the Christensens to misapply the funds to their own personal benefit and thus breach their duty.

Paragraph 7 of the amended counterclaim alleges that out of the proceeds of the loan, the association gave $5,000 to the Christensens. This was alleged in the original counterclaim, and thus, as that pleading was insufficient, this allegation in the amended complaint is not adequate by itself. This is because it does not allege that the association intentionally assisted in the misapplication, but only that the association gave the funds to the Christensens. If the trustee had also alleged that the association had knowledge the funds would be misapplied, then turning the money over might constitute such assistance. No such allegation, however, is in the amended counterclaim. In the absence of such an allegation, it is necessary that the trustee plead that the association intentionally assisted in the misapplication of the funds after they were acquired by the Christensens.

The trustee notes certain allegations in support of the contention that intentional assistance is alleged. One of these allegations, in paragraphs 3 and 4, is that the warranty deeds, used in conveying the subject property, were notarized by an employee of the association. This allegation does not lead to the ultimate fact that the association intentionally assisted the misapplication of the $5,000. It is also alleged that Charles S. Vogel received no consideration from the Christensens for his conveyance. How this allegation relates to the question of intentional assistance of the misapplication of funds is difficult to understand. The same may be said for the allegations that Vogel received $1,618 from the proceeds of the loan, that the Christensens received $5,000 and that the association and Christensens determined the lot to have a value of $5,000.

In this case nothing is alleged as to how the money was misused, except that the Christensens used it for their personal benefit, and nothing is alleged as to how or what the association did to assist in the misuse of the

funds. At the maximum, as the final allegation of paragraph 11 bears out, the trustee has alleged that the funds were misapplied by the Christensens with the knowledge of the association. Knowledge of such a breach does not constitute intentional assistance.

Where a complainant fails in an amended counterclaim to adequately state facts which constitute a cause of action, especially after this court spells out just what must be pleaded, it may be presumed the necessary facts do not exist or that the complainant is unwilling to plead them. *Meyer v. Briggs,* 18 Wis.2d 628, 119 N.W.2d 354 (1963). This action was commenced in December of 1972 and is still in the pleading stage after four years, due primarily to appeals related to the trustee's counterclaim and amended counterclaim. The order of the trial court merely sustains the association's demurrer and makes no reference to the right to replead.

We conclude that the trial court did not abuse its discretion in granting plaintiff's motion to enlarge the time to reply or demur to the counterclaim. We further conclude that the amended counterclaim does not state facts sufficient to constitute a cause of action.

*By the Court.*—Orders affirmed.