STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael J. BAYE, Defendant-Appellant.

Court of Appeals

*No. 94–1932. Submitted on briefs January 12, 1995.—Decided January 31, 1995.*

(Also reported in 528 N.W.2d 81.)

335

On behalf of defendant-appellant, the cause was submitted on the briefs of *William E. Appel* of *Zuidmulder, Appel & Gammeltoft, S.C.* of Green Bay.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Maureen McGlynn Flanagan*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Michael Baye appeals a judgment in this civil forfeiture proceeding forfeiting his 1986 Chevrolet truck used for the purpose of committing a felony drug offense. He challenges the State's failure to comply with § 161.555(2)(b), STATS., which provides that "the action shall be set for hearing within 60 days of service of the answer . . . ." The State first responds that the statute contemplates only that the action "be set for hearing" within sixty days and the hearing itself may occur later. The State then argues that a hearing "set" within the sixty-day period, but held outside that time, on its motion for a default judgment based upon Baye's alleged failure to comply with discovery demands, fulfilled the statutory mandate. Alternatively, the State contends that even if that procedure was not in compliance with the statute, the

336

court's decision to deny Baye's motion to dismiss was tantamount to a finding of excusable neglect so as to extend the time under § 801.15(2)(a), STATS.[1] We construe § 161.555(2)(b) to require a hearing within sixty days of the service of the answer, absent a "for cause" continuance granted before the time expires. We reject the State's alternative argument because the State did not pursue it in the trial court, nor did the court consider application of the excusable neglect statute. We therefore reverse the judgment of forfeiture and remand for a judgment dismissing the forfeiture action.

The material facts upon which this appeal is based are not in dispute. The State filed an action to obtain Baye's truck as a forfeiture pursuant to § 161.555, STATS., and Baye served and filed an answer denying the substantive allegations of the complaint. The State concedes that the hearing in response to the State's default judgment motion was held more than sixty days from the time of service of the answer.[2]

---

[1] Section 801.15(2)(a), STATS., provides:

When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms. The 60 day period under s. 801.02 may not be enlarged. If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect. The order of enlargement shall recite by its terms or by reference to an affidavit in the record the grounds for granting the motion.

[2] The appellate record does not include the State's motion for default judgment or the transcript of the February 4, 1994, hearing. The State includes, however, in an appendix to its appellate brief, a copy of the clerk of circuit court's docket. That document shows a court record entry of a motion for sanctions on January 21, 1994, and a motion hearing held February 4, 1994, and states: "Deft. present by atty. Appel by phone. DA . . .

Section 161.555, STATS., permits the district attorney to commence a forfeiture action for property seized under such circumstances.[3] Section 161.555(2)(b) states that the action shall be set for hearing within sixty days of the service of the answer, "but may be continued for cause or upon stipulation of the parties." There was no stipulation here. The State first contends, however, that the statute contemplates only the setting of a hearing date rather than the hearing itself within the sixty-day period.

present for the State. Motion hearing: Motion to quash subpoena, this will be granted and deposition will have to be within 100 mile limit. Motion for default judgment, denied. Request for return of property, the court will hold [t]his in abeyance."

The parties do not dispute the accuracy of this document, and there is no challenge to the fact that it is outside the appellate record. For purposes of disposition of the issues on appeal, we deem the parties to have stipulated that a hearing on the State's motion was set within 60 days of service of the answer, but heard on February 4, 1994, more than 60 days after service of the answer.

[3] Section 161.555, STATS., provides in part:

(2) Commencement. (a) The district attorney of the county within which the property was seized shall commence the forfeiture action within 30 days after the seizure of the property, except that the defendant may request that the forfeiture proceedings be adjourned until after adjudication of any charge concerning a crime which was the basis for the seizure of the property. The request shall be granted. The forfeiture action shall be commenced by filing a summons, complaint and affidavit of the person who seized the property with the clerk of circuit court, provided service of authenticated copies of those papers is made in accordance with ch. 801 within 60 days after filing upon the person from whom the property was seized and upon any person known to have a bona fide perfected security interest in the property.

(b) Upon service of an answer, the action shall be set for hearing within 60 days of the service of the answer but may be continued for cause or upon stipulation of the parties.

338

Because we reject the State's contention that the court need only set but need not hold a hearing within sixty days of service of an answer, we do not reach the correlative question whether the conduct of a default judgment hearing within the sixty days would comply with a statute so constructed. The sixty-day time constraint of § 161.555(2)(b), STATS., prior to amendment to its current form in 1981 was reviewed in *State v. Rosen*, 72 Wis. 2d 200, 240 N.W.2d 168 (1976). As it does today, the statute then required that the action "shall be set for hearing within 60 days of the service of the answer . . . ." The 1981 amendment added the clause "but may be continued for cause or upon stipulation of the parties." The *Rosen* decision is helpful but not dispositive in that the hearing date was not set and the hearing was not held within the sixty-day period in that instance, and the court was not called upon to decide the issue presented here. *Id.* at 203, 240 N.W.2d at 170. Thus, the court merely declared the failure to comply with the time limit fatal, but did not expressly state whether the statute merely called for setting the hearing or the conduct of the hearing within the sixty days.

There is reason to believe, however, that *Rosen* contemplated a hearing within the time limit. That court, rejecting the State's contention that the sixty-day period was directory and not mandatory, and declaring a failure to comply to effect subject matter jurisdiction of the circuit court, emphasized the harsh nature of penal statutes, primarily because they provide for no pre-seizure notice or hearing, and the need for a prompt adjudication of the issues raised in the forfeiture action. *Id.* at 207, 240 N.W.2d at 172. It observed that the owner is deprived of use of the property in the meantime, and that a mere directory

interpretation of the time constraint would allow the State to continue to hold the property seized for an indefinite time. *Id.* It noted that seizure can invoke the property rights of innocent third parties. *Id.* at 206, 240 N.W.2d at 171. These concerns, as *Rosen* acknowledges, raise questions of due process. If the statute were read as the State contends, the statute does not purport to guarantee a prompt hearing to dispose of any trial issues on the merits, but only a prompt notice of a hearing.

Moreover, established canons of construction of ambiguous statutes conflict with the State's argument. The test for determining whether a statute is ambiguous is whether reasonably well-informed persons could understand it in two or more different senses. *Hurst v. State*, 72 Wis. 2d 188, 195, 240 N.W.2d 392, 397 (1976). This statute is ambiguous. It may refer to the act of fixing a date or it may refer to the fixed date itself.

It is also a penal statute. *Rosen*, 72 Wis. 2d at 208, 240 N.W.2d at 172. Penal statutes are generally construed strictly to safeguard a defendant's rights unless doing so would contravene the legislative purpose of a statute. *State v. Frey*, 178 Wis. 2d 729, 745, 505 N.W.2d 786, 792-93 (Ct. App. 1993). Because it is an ambiguous penal statute, § 161.555(2)(b), STATS., should be construed to provide a hearing within sixty days. The 1981 amendment is also consistent with our reading of the statute. It seems unnecessary to provide for cause or a stipulation if all that is continued is the act of fixing a date rather than the continuation of a hearing itself.

The State's alternative contention is that the extension of time for excusable neglect envisioned by § 801.15(2)(a), STATS., applies to this fact situation. The

State points to the 1981 amendment to § 161.555(2)(b), STATS., providing that the time for hearing may be extended for cause as further indication that § 801.15(2)(a) applies to forfeiture hearings. The State would have this court apply the standard of review applicable to discretionary decisions of the circuit court based upon findings of excusable neglect under § 801.15, as established in *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 326 N.W.2d 727 (1982).

The obstacle to the State's reliance upon § 801.15, STATS., is the absence of any indication that the State asked the circuit court to apply it, or that the court did so sua sponte. The transcript of a hearing of February 23, 1994, dealt with Baye's motion to dismiss. The court called the case and noted that Baye had moved to dismiss, "alleging a hearing was not held pursuant to statute within sixty days." The Vilas County district attorney, apparently advancing an estoppel theory, argued that defense counsel could not "sit on his hands," that is, wait for the State to miss the deadline and then move for dismissal, an argument not advanced by the attorney general on appeal. He also contended that the statute did not contemplate a hearing within sixty days as long as a hearing was set within that time, a contention we have now rejected. The prosecutor also argued, in reference to the circuit court's busy schedule, that "good cause" had been shown, as contemplated by § 161.555(2)(b), STATS., as a basis for a continuance.

The court denied the motion to dismiss. It first indicated that a hearing had initially been held within the sixty-day period on February 4, in regard to the State's motion for sanctions relating to discovery. The court noted that it had denied the motion, apparently because the State had attempted to conduct a deposi-

tion of the defendant more than 100 miles from his residence in violation of statutory requirements. The State now concedes that the court's reference to the conduct of a hearing within sixty days of the service of the answer, as well its similar reference in its appellate brief, was in error.

The court also indicated that the ongoing discovery process and the absence of any showing of prejudice to the defendant also constituted cause to extend the hearing beyond the sixty-day limit. The court also acknowledged that it was unaware of the sixty-day requirement prior to the motion to dismiss, and indicated an assumption that because there had been no request for a continuance under the statute, others may have been unaware of the requirements as well.

We conclude that the court's ruling did not constitute a discretionary application of the remedial provisions of § 801.15(2)(a), STATS. The court's finding of cause pursuant to § 161.555(2)(b), STATS., is not the equivalent of such a ruling. We believe § 161.555(2)(b) allows a continuance for cause only where the request occurs prior to the expiration of the sixty-day statutory time limit. Section 801.15(2)(a), on the other hand, by its express terms permits relief sought by motion after the expiration of the specified time. In other words, the State fails under § 161.555(2)(b) because it sought no continuance within the time allotted. It fails under § 801.15(2)(a) because it made no attempt to show excusable neglect.

Apart from the absence of a motion by the State to extend the time, there was no finding of excusable neglect by the trial court.

*Hedtcke* states:

In determining whether to grant the dilatory party relief, the first step is to determine if there are reasonable grounds for the noncompliance with the statutory time period (excusable neglect). If the motion is made after the expiration of the specified time, an order enlarging the time for performing an act must be based on a finding of excusable neglect . . . . We have described excusable neglect as "that neglect which might have been the act of a reasonably prudent person under the same circumstances." It is "not synonymous with neglect, carelessness or inattentiveness." *Giese v. Giese*, 43 Wis. 2d 456, 461, 168 N.W.2d 832, 834 (1969).

*Id.* at 468, 326 N.W.2d at 731 (citation omitted).

The circuit court did not apply this analysis, no doubt because it was not asked to do so. There is an inference, but no finding, that the prosecutor was unaware of the statutory time limit. The absence of any findings prevents a review of the application of § 801.15(2)(b), STATS., in this case.

*By the Court.*—Judgment reversed and cause remanded with directions.