STATE of Wisconsin, Plaintiff-Respondent,

v.

David L. ELLIOTT, 1970 Plymouth, 1967 Ford Mustang Convertible, 1967 Ford Mustang Convertible, and 1987 Ford Truck, Defendant-Respondent.

Court of Appeals

*No. 96–0012–FT. Submitted on briefs April 26, 1996.—Decided June 18, 1996.*

(Also reported in 551 N.W.2d 850.)

On behalf of defendants-appellants, the cause was submitted on the briefs of *Gary S. Cirilli* of *Cirilli Law Offices, S.C.* of Rhinelander.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *Steven M. Michlig*, assistant district attorney, of Rhinelander.

Before Cane, P.J., LaRocque and Myse, JJ.

LAROCQUE, J. David Elliott appeals a judgment forfeiting two of the vehicles described in the

caption,[1] pursuant to § 973.076, STATS.[2] The vehicles were seized on or about March 31, 1993, pursuant to a search warrant as property possessed in violation of criminal statutes requiring licenses of motor vehicle dealers. As a result of the seizure, Elliott was later convicted as part of a plea bargain for acting as a motor vehicle salvage dealer without a license. Within thirty days of the conviction, the State commenced this forfeiture action because each of the vehicles had an altered vehicle identification number (VIN). Elliott's initial contention is that 1993 Wis. Act 92, creating § 342.30(4), STATS., and authorizing seizure and forfei-

---

[1] This is an expedited appeal under RULE 809.17, STATS.

[2] Section 973.076, STATS., provides:

**Forfeiture proceedings. (1)** Type of action; where brought. In an action brought to cause the forfeiture of any property specified in s. 342.30 (4) (a) or s. 973.075 (1), the court may render a judgment in rem or against a party personally, or both. The circuit court for the county in which the property was seized shall have jurisdiction over any proceedings regarding the property when the action is commenced in state court. Any property seized may be the subject of a federal forfeiture action.

**(2)** Commencement. (a) The district attorney of the county within which the property was seized or in which the defendant is convicted shall commence the forfeiture action within 30 days after the seizure of the property or the date of conviction, whichever is earlier, except that the defendant may request that the forfeiture proceedings be adjourned until after adjudication of any charge concerning a crime which was the basis for the seizure of the property. The request shall be granted. The forfeiture action shall be commenced by filing a summons, complaint and affidavit of the person who seized the property with the clerk of circuit court, provided service of authenticated copies of those papers is made in accordance with ch. 801 within 60 days after filing upon the person from whom the property was seized and upon any person known to have a bona fide perfected security interest in the property.

**(b)** Upon service of an answer, the action shall be set for hearing within 60 days of the service of the answer but may be continued for cause or upon stipulation of the parties.

ture of VIN-altered vehicles, took effect after these vehicles were seized and, therefore, the law was improperly applied retroactively in this case.[3] Alternatively, he challenges the court's failure either to hold the forfeiture hearing or grant a continuance within sixty days of service of his answer to the forfeiture complaint. Instead, the court granted a continuance after the sixty days had expired on grounds of excusable neglect under § 801.15(2)(a), STATS.[4]

---

[3] 1993 Wis. Act 92, effective December 24, 1993, created § 342.30(4)(a), effective December 24, 1993, created subsecs. § 342.30(4)(a) to (c), STATS., providing:

(a) If a law enforcement agency finds a vehicle or part of a vehicle on which the identification number has been removed, altered or obliterated or made impossible to read, the law enforcement agency may seize the vehicle or part of a vehicle. If the identification number cannot be identified, the seized vehicle or vehicle part is presumed to be contraband. If the identification number can be identified, the agency may return the vehicle to the registered owner. Except as provided in par. (b), the district attorney shall institute forfeiture proceedings under s. 973.076 regarding any vehicle or vehicle part that is seized under this paragraph and not returned to the owner.

(b) If the district attorney brings a criminal action arising out of the seizure under par. (a), the district attorney shall not institute forfeiture proceedings under s. 973.076 before there is a final determination in the criminal action.

(c) . . . .

[4] Section 801.15(2)(a), STATS., provides:

When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms. The 60 day period under s. 801.02 may not be enlarged. If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect. The order of enlargement shall recite by its terms or by reference to an affidavit in the record the grounds for granting the motion.

The issues are: (1) whether prospective application of § 342.30(4), STATS., applies to vehicles already seized for other purposes before the enactment of this statute; (2) whether the enlargement of time statute, § 801.15(2)(a), STATS., applies to a § 973.076, STATS., proceeding; and (3) if so, whether the circumstances rendered the court's enlargement a proper exercise of discretion.

We hold that the commencement of this forfeiture action constituted a prospective application of § 342.30(4), STATS. We also hold that § 801.15, STATS., applies to computing time under § 973.076, STATS., and, therefore, the trial court may act to enlarge the time for conducting a hearing after the expiration of sixty days, upon a finding of excusable neglect. Finally, we conclude that the court's finding of excusable neglect was a proper discretionary act under the circumstances. We therefore affirm the judgment.

The sequence of events in this case is relevant to the determination of Elliott's appeal. The forfeited vehicles were seized on or about March 31, 1993, pursuant to a search warrant to seize evidence of criminal violations of ch. 218, STATS., regulating, among others, motor vehicle dealers. The validity of the initial seizure is not challenged. Elliott was then charged with numerous crimes related to the vehicles.

Following the seizure, and before Elliott's conviction, the legislature adopted § 342.30(4), STATS., effective December 24, 1993, authorizing law enforcement to seize and forfeit VIN altered vehicles. Later, pursuant to a plea bargain, Elliott was convicted on October 20, 1994, of one misdemeanor charge of acting as a salvage dealer without a license and a number of unrelated controlled substance charges. Thereafter, on November 18, 1994, the State filed this civil forfeiture

action under the provisions of §§ 342.30 and 973.076, STATS.

The parties agree that the sixty-day period to hear the forfeiture action contemplated by § 973.076(2)(b), STATS., began to run on December 16, 1994, when Elliott's answer was filed. On February 2, 1995, shortly before the sixty-day period ran, the district attorney wrote a letter to the court citing § 973.076(2)(b), and advising the court that the hearing must be held within sixty days of December 16, 1994, adding that "it may be continued for cause or upon stipulation of the parties."

Instead of scheduling a hearing by February 16, the court set a scheduling conference on that date. The scheduling conference was conducted by a reserve judge acting on a general assignment to Oneida County, and he set the matter for a jury trial on May 15, 1995. Elliott then brought a motion to dismiss for failure to comply with the sixty-day provision. The circuit court denied the motion, concluding that the failure to hear the matter earlier constituted excusable neglect and denied the motion. Following a forfeiture trial and imposition of a forfeiture judgment, Elliott appeals.

Elliott's first contention is that the action under § 342.30(4)(a), STATS., constitutes a retroactive application of the statute that must be given prospective effect only. In effect, he is contending that the trial court lacked competency to proceed in light of this factor.

Construction of a statute presents a question of law that we decide de novo. The cardinal rule of statutory construction is ascertainment of the legislative intent. *Heidersdorf v. State*, 5 Wis. 2d 120, 123, 92 N.W.2d 217, 218 (1958). In construing a statute, the court of appeals considers related sections. *Chernetski*

*v. American Fam. Mut. Ins. Co.*, 183 Wis. 2d 68, 74, 515 N.W.2d 283, 286 (Ct. App. 1994). The general rule is that statutes are to be construed as relating to future and not to past acts, absent an express statement of intent to the contrary. *See Gutter v. Seamandel*, 103 Wis. 2d 1, 17, 308 N.W.2d 403, 411 (1981). The exception to the general rule allows retroactive application if the statute is procedural or remedial, and does not disturb contracts or vested rights. *Id.*

We agree with Elliott that § 342.30(4), STATS., should be given prospective effect. It is uncontrovertible that a statute granting the State the right to claim ownership of property of another is substantive in nature and subject to the general rule, absent an express legislative declaration to the contrary. We believe, however, that the seizure pursuant to a criminal search warrant for purposes other than forfeiture does not render application of this forfeiture action "retrospective."

Section 342.30(4), STATS., allows a law enforcement agency that "finds" a vehicle with an altered VIN to seize it. This statute also presumes such vehicles to be contraband and, unless the vehicle can be identified and returned to the original owner, directs the district attorney to institute forfeiture proceedings. Elliott's view that the State applied the statute retrospectively hinges on his contention that the search warrant seizure in March 1993 amounts to a retroactive invocation of the seizure provisions of § 342.30(4).

We conclude that the earlier seizure does not constitute a retrospective application of the statute. The original seizure was expressly pursuant to the magistrate's finding that vehicles on Elliott's premises were possessed for the purpose of violating the criminal pro-

visions of ch. 218, STATS. Section 342.30(4), STATS., was only triggered upon the State's institution of the forfeiture action in 1994, *after* the statute took effect. The State did not invoke the forfeiture statute until it commenced the forfeiture action. The act of commencing a forfeiture action constituted a constructive seizure for purposes of forfeiture. We see no inconsistency or contravention of legislative purpose in the State's assertion of actual possession or seizure for purposes of criminal prosecution for violating ch. 218 and a later civil forfeiture. The two acts constitute a demonstrably independent purpose pursuant to a separate authority, and did not violate either the intent of the legislature or the rules of statutory construction.

Elliott next contends that the State failed to commence this action within the time limits of § 973.076(2)(a), STATS. Elliott reasons that because the seizure occurred on March 31, 1993, more than a year before the action was commenced on November 18, 1994, the court lacked competency to proceed. This contention also fails.

Section 973.076(2)(a), STATS., requires the action be commenced "within 30 days after the seizure of the property or the date of conviction, whichever is earlier . . . ." Section 342.30(4)(b), STATS., *see* note 3, on the other hand, provides that the district attorney shall not institute forfeiture proceedings under this statute "before there is a final determination in the criminal action." Section 973.076 and its reference to alternative commencement dates existed prior to the creation of § 342.30(4), and applied generally to any of the forfeiture actions authorized by § 973.075, STATS. The latter subjects to seizure and forfeiture a designated list of personal and real property. Until the enactment of

§ 342.30(4), there was no authority to forfeit vehicles with altered VIN numbers. When enacting § 342.30(4)(b), the legislature apparently overlooked the inconsistency with § 973.076(2)(a). The conflict is resolved by established canons of construction. Apparent conflicts between statutes are to be construed so as to harmonize the statutes if reasonably practicable. *Pella Farmers Mut. Ins. Co. v. Hartland Richmond Town Ins. Co.*, 26 Wis. 2d 29, 41, 132 N.W.2d 225, 230 (1964). Where two statutes deal with the same subject matter, the more specific prevails over the general. *Schlosser v. Allis-Chalmers Corp.*, 65 Wis. 2d 153, 161, 222 N.W.2d 156, 160 (1974). The time limit of § 342.30(4) is more specific as it applies only to the forfeiture of a vehicle with an altered VIN. The State complied with the applicable provision here.

Elliott next challenges the trial court's failure to either hear the forfeiture action or grant a continuance within sixty days of his answer to the forfeiture complaint. This court held in *State v. Baye*, 191 Wis. 2d 334, 528 N.W.2d 81 (Ct. App. 1995), that the time requirements of § 973.076(2)(b), STATS., were ambiguous. We construed the statute's mandate that the forfeiture hearing be "set" within sixty days of service of the answer to mean not only that a date be assigned but that the hearing itself be held within sixty days of service of the answer, absent an extension for cause. *Id.* We reached our conclusion in part upon the absurdity of the alternative construction: a right to a hearing, upon a showing of cause, whose only purpose would be to enlarge the time within which the court would set but not hold the final hearing. *Id.* at 340, 528 N.W.2d at 83-84. We also declined to decide whether § 801.15(2)(a), STATS., applied because the trial court had not sought to apply it. *Id.* at 343, 528 N.W.2d at 85.

We now conclude that § 801.15 does apply and that the court properly exercised its discretion by granting a continuance despite the expiration of the sixty days on grounds of excusable neglect.

The statutory authority for trial courts to enlarge the time within which an act is required to be done, even after the expiration of the expired time, is set forth in § 801.15(2)(a), STATS. The scope of this statute is found in § 801.01(2), STATS.: "Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin except where different procedure is prescribed by statute or rule." There is no different procedure prescribed in § 973.076, STATS., to resolve an extension of time after the time set has expired. Section 801.15(2)(a) therefore allows an enlargement of the time even after the expiration of the time set for hearing, provided there is a showing of excusable neglect.

Nor do we construe § 801.15(2)(a), STATS., as applicable only where the failure to act was that of a party. In this case, the trial court acknowledged that the failure to act was that of the trial judge himself. This rule is remedial in nature, providing limited mitigation under justifiable circumstances. There is nothing either in the language of the rule or the purpose it serves that denies its application to excusable neglect by the trial judge. Because we conclude that the statute applies, we need not address the question whether the court possesses inherent power to grant a continuance.

■

Trial court decisions applying § 801.15, STATS., are highly discretionary and will not be disturbed unless an abuse of discretion is clearly shown. *See St. Francis S&L Ass'n v. Hearthside Homes, Inc.*, 75 Wis. 2d 476,

479, 249 N.W.2d 924, 925 (1977). Excusable neglect has been described as "that neglect which might have been the act of a reasonably prudent person under the same circumstances." *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 468, 326 N.W.2d 727, 731 (1982). It is "not synonymous with neglect, carelessness or inattentiveness." *Id.* Excusable neglect has been described as "that neglect which might have been the act of a reasonably prudent person under the circumstances." *Stryker v. Town of LaPointe*, 52 Wis. 2d 228, 231-32, 190 N.W.2d 178, 180 (1971).

The trial court assigned the following reasons for finding excusable neglect:

(1) forfeiture cases such as this are "exceedingly rare" in Oneida County, and if there were others, they were settled as part of a criminal prosecution against the interested defendant;

(2) the *Baye* decision itself was released by the court of appeals on January 31, 1995, after this proceeding was commenced, and shortly before the statutory deadline, and the circuit court was unaware of its holding;

(3) upon actual notice to the court of the statutory deadline, the court's schedule was already "flooded with high priority items" such as "matters which take precedence on the court's calendar due to statutory time requirements," such as bail hearings, juvenile custody hearings, mental commitments and similar matters.

Mere mistake of law alone is not excusable neglect. The preceding reasons taken together constitute sufficient grounds by which the trial court could exercise its discretion and grant a continuance after the expiration

of the sixty-day period. We therefore affirm the order granting the extension and the judgment of forfeiture that followed.

*By the Court.*—Judgment affirmed.